IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

REGINALD L. DUNAHUE                                                                                PLAINTIFF
ADC #106911

V.                                        NO.  5:07cv00136 SWW-JWC

B.F. SMALLWOOD, et al                                                                          DEFENDANTS

PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**I.  Instructions**

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of these findings and recommendations.  A copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge  (if such a  hearing is granted)  was not  offered at  the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR  72201-3325

## II. Recommended Disposition

On August 20, 2007, Defendants Harris and Luckett[1] filed a motion to dismiss and brief in support (docket entries #18, #19) seeking to dismiss Plaintiff's complaint on the grounds that he had failed to state a claim upon which relief could be granted, and that his claims were barred by the doctrines of sovereign and qualified immunity.  By order entered August 21, 2007 (docket entry #20), Plaintiff was notified of his opportunity to file a responsive pleading opposing Defendants' motion.  In addition, Plaintiff was advised that since Defendants had attached evidence to their brief, the Court may construe the motion as one for summary judgment.  Plaintiff was therefore informed that his response could include opposing or counteraffidavits, executed by him or other persons, which had either been sworn to under oath, i.e., notarized, or declared to under penalty of perjury in accordance with 28 U.S.C. § 1746.  Pursuant to Local Rule 56.1 of the Rules of the United States District Court for the Eastern District of Arkansas, Plaintiff was also advised to file

---

[1] The Court notes that remaining Defendant Smallwood was terminated from the Arkansas Department of Correction due to her death; however, a suggestion of death has never been filed.

a separate, short and concise statement setting forth the facts which he thought needed to be decided at a trial. The Court's August 21, 2007, order was not returned and no responsive filing was received from Plaintiff, despite the Clerk's certification that a copy of the order was mailed to him personally the same day as entered at his last given address at the Arkansas Department of Correction ("ADC") Varner Super Max Unit.

On November 8, 2007, Defendants Harris and Luckett filed a second motion to dismiss and brief in support (docket entries #25, #26), this time for lack of prosecution. On September 24, 2007, mail addressed to Plaintiff at the ADC was returned as undeliverable (see docket entry #24).[2] A check of the ADC's website using both Plaintiff's name and prison identification number further indicates that Plaintiff is no longer incarcerated in the ADC. Plaintiff never responded to the original motion to dismiss, he has filed no change of address, and he has had no contact with the Court since August 9, 2007, when he filed his own motion for summary judgment. Under these circumstances, Defendants' request that Plaintiff's case be dismissed with prejudice and counted as a strike for PLRA[3] purposes. Fed. R. Civ. P. 41(b) (district court may dismiss case for failure to prosecute or comply with court orders); Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) (district court has power to dismiss sua sponte under Rule 41(b)); Brown v. Frey, 806 F.2d 801, 803-04 (8th Cir. 1986) (quoting Haley v. Kansas City Star, 761 F.2d 489, 491 (8th Cir. 1985)) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order; such a dismissal may be with prejudice if there has been "'a clear

---

[2] This mail contained the District Court's September 14, 2007, order adopting the Magistrate Judge's recommended partial disposition denying Plaintiff's motion for summary judgment.

[3] The Prison Litigation Reform Act.

record of delay or contumacious conduct by the plaintiff'") (emphasis added); Garrison v. Int'l Paper Co., 714 F.2d 757, 759 (8th Cir. 1983) (it is well settled that the district court has inherent power, acting on its own initiative, to dismiss a cause of action with prejudice for want of prosecution).

### III. Conclusion

Due to Plaintiff's failure to prosecute the action diligently and his failure to comply with the Court's August 21, 2007, order to respond to Defendants' original motion to dismiss, IT IS, THEREFORE, RECOMMENDED that:

1. Defendants' motion to dismiss for lack of prosecution (docket entry #25) should be GRANTED and Plaintiff's case should be DISMISSED IN ITS ENTIRETY. Such a dismissal, however, should be WITHOUT PREJUDICE.

2. All PENDING MOTIONS should be DENIED AS MOOT.

3. This dismissal should count as a "STRIKE" as frivolous pursuant to 28 U.S.C. § 1915(g).[4]

DATED this 9th day of November, 2007.

UNITED STATES MAGISTRATE JUDGE

---

[4] Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the in forma pauperis statutes] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.